**In the Matter of George KOWALCZYK.**

No. 1283S469.

Supreme Court of Indiana.

May 22, 1985.

Robert L. Thompson, Fort Wayne, for respondent.

Sheldon A. Breskow, Executive Secretary, Gregory M. Fudge, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This matter is before us upon a Statement of Circumstances and Conditional Agreement for Discipline entered into by the Respondent, George Kowalczyk, and the Disciplinary Commission and tendered for this Court's approval. The Respondent, a member of the Bar of this State, has been charged with violating Disciplinary Rule 6–101(A)(3) of the *Code of Professional Responsibility for Attorneys at Law* by neglecting legal matters entrusted to him.

Upon review of the tendered agreement, this Court finds that it should be approved. In accordance therewith, we find under Count I that the Respondent, as attorney for the estate of Franklin J. Nobles, filed a petition for probate on April 18, 1977. The Respondent took no other action until March, 1981, when Letters of Administration were ordered issued. On November 30, 1981, the Respondent filed an inventory. The Indiana Bank and Trust Company of Fort Wayne had been named personal representative, but had not been advised of the Will's content until March, 1981. On September 30, 1982, the Bank filed an Affidavit in Support of Inheritance Tax Petitions. The Nobles Estate remains open.

By way of mitigation, the parties agree that the surviving widow, who was ill, wished to remain living in the marital domicile. Under the terms of the will she was given two-fifths of said residence. Upon her death on March 18, 1981, the other beneficiaries received proportionate credit for the rental value of the residence. The

parties also agree that further delay was due to litigation affecting the distribution.

Under Count II, we find that the Respondent was attorney for and personal representative of the estate of Mable Ball who died on August 21, 1978. On August 25, 1978, the will was admitted to probate and on August 20, 1978, the Respondent filed an Inheritance Tax Petition and the inventory. On December 9, 1980, the Respondent settled a wrongful death action based on the accident which resulted in decedent's death. Thereafter, a Petition for Partial Distribution was filed and granted on August 10, 1982. The estate remains open.

In accordance with the agreed facts under Count III, we find that the Respondent is the personal representative of the estate of Pearl Johnson who died on February 15, 1978. The will was admitted to probate on July 14, 1978, and the Respondent was subsequently appointed personal representative. Notice of administration was given on July 20, 1978. On March 4, 1980, the Respondent was ordered to report to the Probate Commissioner as to why no action had been taken in the estate. The Respondent filed an inventory on September 14, 1982, but the estate remains open.

Under Count IV, this Court finds that on September 27, 1978, the Respondent was named successor personal representative of the Estate of Laura Phipps who had died on February 14, 1978. On February 13, 1979, the Respondent filed an inventory and a property schedule. On March 3, 1980, the Respondent was ordered to report to the Probate Commissioner as to why no action had been taken in the estate. The Phipps estate remains open.

In accordance with the agreed facts under Count V, we find that the Respondent was the attorney for Anna L. Gall, prepared her will, and became the personal representative when she died. The will was admitted to probate on September 3, 1980. An inventory was filed on September 29, 1982, but the estate remains open.

The parties agree, by way of mitigation, that the only substantial asset of this estate was decedent's domicile where the beneficiary, a daughter attending Purdue University, lived. Because no funds were available for payment of decedent's bills without liquidation of the domicile and because the estate could not be closed so long as the bills were outstanding, the beneficiary, who was also the personal representative, desired, and the Respondent acceded, to allow the estate to remain open until the beneficiary is able to resolve the bills without liquidating the domicile.

From all the foregoing findings and in accordance with the agreement of the parties, we conclude that the Respondent neglected legal matters entrusted to him and thereby violated the *Code of Professional Responsibility for Attorneys at Law.*

As a general mitigating factor, the parties further agree that the Respondent has received no fees in the above described matters other than $800.00 from the Phipps estate at the time of filing of a Closing Statement in May of 1984 and $1,775.00 from the Nobles Estate at the time of filing a Final Account in October, 1984.

We find further that the Respondent has tendered to this Court the requisite affidavit pursuant to A.D. 23, Section 17(a).

The parties have agreed that the appropriate discipline in this case is a public reprimand. Having examined the findings of neglect and of mitigating circumstances, this Court finds that the agreed sanction is appropriate under the circumstances of this case.

Accordingly, the Respondent is hereby reprimanded and admonished for the misconduct found herein.

Costs of this proceeding are assessed against the Respondent.